UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DOWDY-EL, AVERIS X. WILSON,
AMIRA SALEM, TOM TRAINI, and
ROGER HUNT                                                    Case Number: 06-11765

             Plaintiffs,                              HON. AVERN COHN

v.

PATRICIA L. CARUSO, MICHAEL
MARTIN, and DAVE BURNETT,

             Defendants.
_____/

**MEMORANDUM AND ORDER
ADOPTING REPORT AND RECOMMENDATION (Doc. 73)
AND
GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (Doc. 56)**

### I. Introduction

Plaintiffs are Muslim[1] inmates housed by the Michigan Department of Corrections ("MDOC") who challenge the defendant prison officials' alleged failure to accommodate their requests to observe three distinct Islamic religious practices: (1) attending *Jum'ah* prayer services; (2) receiving a *halal* diet; and (3) participating in the Eid ul-Fitr and Eid ul-Adha Feasts (the "*Eid* Feasts"). Plaintiffs challenge each alleged failure to accommodate under: (1) the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; (2) the Free Exercise Clause of the First Amendment of the United States Constitution, (3) the Michigan Constitution's counterparts to the United States Constitution's Equal Protection and Free Exercise

---

[1] The magistrate judge has separately recommended that the sole non-Muslim plaintiff's claims be dismissed. (Doc. 70 at 2, fn. 1)

Clauses, Article 1 §§ 2 and 4, respectively; and (4) the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc et seq, "RLUIPA").  The matter has been referred to a magistrate judge, before whom plaintiffs filed a motion for class certification.[2]

The magistrate judge issued a report and recommendation ("MJRR"), recommending that the motion be granted.  Neither party has filed objections to the MJRR and the time for filing objections has passed.  Accordingly, the MJRR will be adopted and plaintiffs' motion for class certification will be granted.

## II. The MJRR and Class Certification

The magistrate judge recommends that a class be certified under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(2).  With respect to the attendance at *Jum'ah* services, plaintiffs seek to certify a class comprised of "all current and future Michigan Muslim inmates who desire but have been denied …the ability to participate in *Jum'ah* because of a conflicting work, school or similar detail.  With respect to the provision of a *halal* diet, plaintiffs seek to certify a class comprised of "all current and future Michigan Muslim inmates who desire but have been denied …a *halal* diet that is free of contamination by foods considered *haram*," i.e., non-*halal* meats and/or vegetarian foods that have been "contaminated" by

---

[2]The parties also filed cross motions for summary judgment.  The magistrate judge issued a report and recommendation that the motions be granted in part and denied in part. (Doc. 70).  The parties have objected. (Docs. 71, 72)  The cross motions for summary judgment and objections to the report and recommendation will be the subject of a separate order.

2

coming into contact with such meats.[3]

### III. Legal Standard

The failure to file objections to the MJRR waives any further right to appeal. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the MJRR releases the Court from its duty to independently review the motions. Thomas v. Arn, 474 U.S. 140, 149 (1985). However, the Court has reviewed the MJRR and agrees with the magistrate judge.

### IV. Conclusion

Accordingly, the findings and conclusions of the magistrate judge are ADOPTED as the findings and conclusions of the Court. Plaintiffs' motion for class certification is GRANTED. The class is certified as indicated above under Rule 23(a) and Rule 23(b)(2), as further explained in the MJRR.

SO ORDERED.

Dated: December 20, 2012         S/Avern Cohn
                                 UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 20, 2012, by electronic and/or ordinary mail.

                                 S/Sakne Chami
                                 Case Manager, (313) 234-5160

---

[3] The magistrate judge did not address participation in the *Eid* feasts, noting that he recommended the plaintiffs' motion for summary judgment be granted on this issue. The magistrate judge then correctly noted that should the Court adopt this recommendation, the class certification issue becomes moot. Conversely, as the magistrate judge noted, should the Court reject this recommendation, defendants will have prevailed, also rendering the class certification issue moot.