UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DOWDY-EL, AVERIS X. WILSON,
AMIRA SALEM, TOM TRAINI, and
ROGER HUNT,

        Plaintiffs,                      Case Number: 06-11765

v.                                            HON. AVERN COHN

PATRICIA L. CARUSO, MICHAEL
MARTIN, and DAVE BURNETT,

        Defendants.
_____/

**MEMORANDUM AND ORDER
ADOPTING REPORT AND RECOMMENDATION (Doc. 70)
AND
GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT (Doc. 55)
AND
GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT (Doc. 57)
AND
SETTING A STATUS CONFERENCE**

**I. Introduction**

Plaintiffs are Muslim[1] inmates housed by the Michigan Department of Corrections ("MDOC") who challenge the defendant prison officials' alleged failure to accommodate their requests to observe three distinct Islamic religious practices:

---

[1] The magistrate judge has recommended that the sole non-Muslim plaintiff's claims be dismissed for failure to respond to defendants' motion. (Doc. 70 at 2, n. 1). The Court agrees. Defendants' motion for summary judgment as to Roger Hunt is GRANTED. Hunt is DISMISSED as a party to this case.

(1) attending *Jum'ah* prayer services;

(2) receiving a *halal* diet; and

(3) participating in the Eid ul-Fitr and Eid ul-Adha Feasts (the "*Eid* feasts").

Plaintiffs challenge each alleged failure to accommodate under: (1) the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; (2) the Free Exercise Clause of the First Amendment of the United States Constitution, (3) the Michigan Constitution's counterparts to the United States Constitution's Equal Protection and Free Exercise Clauses, Article 1 §§ 2 and 4, respectively; and (4) the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc et seq, "RLUIPA"). The matter has been referred to a magistrate judge, before whom the parties filed cross motions for summary judgment. (Docs. 55, 57).[2]

The magistrate judge issued a report and recommendation ("MJRR"), recommending that the motions be granted in part and denied in part. (Doc. 70). Specifically, the magistrate judge recommends:

(1) Plaintiffs' state and federal constitutional claims under the Equal Protection Clause relating to *Jum'ah* and *halal* diet be DISMISSED

---

[2]Plaintiffs also filed a motion for class certification. (Doc. 56). The magistrate judge recommended that the motion be granted. (Doc. 73). Neither party objected to the recommendation, which the Court adopted. (Doc. 77). Accordingly, the Court certified a class with respect to the attendance at *Jum'ah* services, comprised of "all current and future Michigan Muslim inmates who desire but have been denied …the ability to participate in *Jum'ah* because of a conflicting work, school or similar detail. With respect to the provision of a *halal* diet, the Court certified a class comprised of "all current and future Michigan Muslim inmates who desire but have been denied …a *halal* diet that is free of contamination by foods considered *haram*," i.e., non-*halal* meats and/or vegetarian foods that have been "contaminated" by coming into contact with such meats. The Court did not certify a class with respect to the *Eid* feasts, as the magistrate judge has recommended that judgment enter in favor of plaintiffs regarding this religious practice.

    (2)      Plaintiffs state and federal constitutional claims under the Free Exercise clause relating to *Jum'ah* prayer services be DISMISSED.

    (3)      Plaintiffs' state and federal constitutional claims under the Free Exercise Clause relating to *halal* diet CONTINUE

    (4)      Plaintiffs' RLUIPA claims relating to *Jum'ah* prayer services and *halal* diet CONTINUE

    (5)      Judgment enter in favor of plaintiffs on all claims relating to the *Eid* feast

Stated differently, if the MJRR is adopted, the following claims will remain for trial:

    (1)      *halal* diet - Free Exercise Claim under state and federal constitutions and RLUIPA

    (2)      *Jum'ah* prayer services - RLUIPA Claim

Both parties have filed objections. (Docs. 71, 72). For the reasons that follow, the MJRR will be adopted and the parties cross motions for summary judgment will be granted in part and denied in part.

## II. Legal Standards

### A. Review of MJRR

A district court must conduct a <u>de novo</u> review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. <u>Id</u>. The requirement of <u>de novo</u> review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." <u>United States v. Shami</u>, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously

presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. <u>Howard v. Sec'y of Health and Human Servs.</u>, 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

### B.  Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing' – that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). Revised Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The revised Rule also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industries Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," Hager v. Pike County Bd. Of Education, 286 F.3d 366, 370 (6th Cir. 2002).

### III. Discussion

### A. The MJRR

The Court has carefully reviewed the objections. The parties essentially repeat the arguments considered and rejected by the magistrate judge. The Court is satisfied that the recommendations of the magistrate judge should be adopted. What follows is a brief discussion of each religious practice and the Court's findings, consistent with the

MJRR.

### 1. *Eid* Feasts

The magistrate judge recommends that judgment enter in favor of plaintiffs on all claims relating to participation in the *Eid* feasts.  The MDOC objects, contending as it did before the magistrate judge, that the issue is moot because a December 10, 2010 MDOC Memo specifically permits participation.  Plaintiffs disagree, arguing, correctly, that the Memo is not official MDOC policy, can be reversed at any time, and does not address whether inmates may observe the *Eid* feasts when they have conflicting work detail.  Significantly, defendants have not contended that plaintiffs have a right to participate in the *Eid* feasts, i.e. they have not challenged the substantive merit of plaintiffs' claims as to the *Eid* feasts.  As such, a judgment shall enter in favor of plaintiffs as to participation in the *Eid* feasts.  Plaintiffs shall submit a proposed judgment, to which defendants may respond, as set forth below.

### B. *Halal* Diet

The heart of the dispute over this religious practice appears to surround whether the current systems which provides a non-meat diet, i.e. selecting a vegetarian and protein substitute, is sufficient to meet the plaintiffs' dietary needs.  There is also an issue of cross contamination.  The there are genuine issues of material fact as to (1) whether plaintiffs receive a *halal* diet under the current system and as to defendants' ability to provide *halal* meals, (2) whether defendants' cost concerns constitute a compelling governmental interest, and (3) whether the current system is the least restrictive means of advancing that interest.  In light of these disputes, plaintiffs' claims

6

under the Free Exercise Clause and RLUIPA regarding the provision of a *halal* diet must proceed to trial.

### C. *Jum'ah* Prayer Services

The parties disagree on whether the MDOC's work release policy is sufficient to permit plaintiffs to attend weekly Friday afternoon *Jum'ah* prayer services when the prayer conflicts with a work or school detail.

The Court concludes that (1) attendance at *Jum'ah* prayer services is a protected religious exercise under RLUIPA, (2) the current work release policy substantially burdens plaintiffs' ability to participate in *Jum'ah* prayer services, and (3) defendants' have identified a compelling interest of prison security justifying the work release policy. However, and significantly, that there is a genuine issue of material fact as to whether the work release policy is the least restrictive means of enforcing the MDOC's compelling interest in prison security. As a result, plaintiffs' claims under RLUIPA regarding participation in *Jum'ah* prayer services must proceed to trial.

### IV. Conclusion

For the reasons stated above, the MJRR is ADOPTED as the findings and conclusions of the Court, as supplemented above. The parties cross motions for summary judgment are GRANTED IN PART AND DENIED IN PART.

Plaintiffs are granted judgment regarding the *Eid* feats. Plaintiffs shall submit a proposed judgment on or before **Monday, June 3, 2013.** Defendants may file a response to the proposed judgment on or before **Monday, June 10, 2013.**

Plaintiffs' claims regarding *halal* diet and *Jum'ah* prayer services shall proceed to trial as described above.

The Court will hold a status conference on **Tuesday, June 18 at 2:00 p.m.** to chart the future course of the case.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 24, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 24, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160