UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DOWDY-EL, et al.,,

        Plaintiffs,                        Case Number: 06-11765

v.                                                    HON. AVERN COHN

PATRICIA L. CARUSO, et al.,

        Defendants.
_____/

## MEMORANDUM AND ORDER OVERRULING OBJECTIONS TO SETTLEMENT

### I. Introduction

Plaintiffs are Muslim inmates housed by the Michigan Department of Corrections ("MDOC"). They brought suit challenging the defendant prison officials' alleged failure to accommodate their requests to observe three distinct Islamic religious practices:

    (1) attending Jum'ah prayer services;
    (2) receiving a halal diet; and
    (3) participating in the Eid ul-Fitr and Eid ul-Adha Feasts (the "Eid feasts")

The Court entered a judgment in favor of plaintiffs as to the Eid feasts. (Doc. 85). On September 17, 2013, the Court entered a Preliminary Order Approving Settlement (Doc. 88). The order set forth the terms of the settlement which essentially said that the MDOC will provide a halal diet. It also provided a procedure for the expungement of prisoner misconduct due to attending prayer services. The halal diet that will be provided is a vegan meal by an outside vendor and is intended to comply with all religious dietary restrictions, including Kosher. The order set a time for objections, responses to objections, and set a fairness hearing for November 18, 2013. By

separate order, the Court has entered an Order Approving Settlement and Dismissing Case. Before the Court are approximately sixteen (16) separately filed objections to the settlement, all by state prisoners. See Exhibit A attached. Both parties filed supplemental briefs addressing the objections. (Docs. 116, 121). This order disposes of the objections.

## II. Legal Standard

The law favors the voluntary settlement of class action litigation. Steiner v. Fruehauf Corp., 121 F.R.D. 304, 305 (E.D. Mich. 1988). Therefore, the Court must not "decide the merits of the case or resolve unsettled legal questions," but, rather, must "judge the fairness of a proposed compromise" by "weighing the plaintiffs likelihood of success on the merits against the amount and form of the relief offered in the settlement." International Union, United Automobile, Aerospace and Agricultural Implement Workers of America v. General Motors, 497 F.3d 615,631 (6th Cir. 2007) (quoting Carson v. Am. Brands, Inc., 450 U.S. 79, 88 n. 14, (1981). "[B]efore approving a settlement, a district court must conclude that it is 'fair, reasonable, and adequate.'" Id. at 631; see Fed. R. Civ. P. 23(e)(1)(C); Fed. R. Civ. P. 23(e)(1)(A). One of many factors to consider is the reaction of absent class members. Id. "Objections based purely upon individual claims of loss do not warrant disapproval of the proposed settlement." E.E.O.C. v. McDonnell Douglas Corp., 894 F. Supp. 1329, 1335 (E.D. Mo. 1995) (citing E.E.O.C. v. Pennsylvania, 772 F. Supp. 217, 220 (M.D. Pa. 1991)). "In assessing the fairness of a settlement, the Court's role is not to make a de novo evaluation of whether the measures applied to all claimants provide each individual with a satisfactory recovery. Rather, the criteria or methodology employed by the litigants is

sufficient if its terms, when applied to the entire group of individuals represented, appear reasonable." Id. With these principles in mind, the Court considers the objections.

### III.  The Objections

As described in the parties' supplemental briefs, the objections fall into general categories. Each category is addressed in turn below.

### A.  The Settlement Forced A Vegan Diet for All Religious Diets

To the extent prisoners, whether class members or not, object that the settlement brought about the MDOC's adoption of a vegetarian meal program for all religious diets, they are not well-taken. The MDOC has been considering such a program–a vegan diet to satisfy religious dietary restrictions– long before any settlement was reached in this matter.

Many class members object to having to eat a vegan meal as opposed to religious meal with meat. These objections do not carry the day. As plaintiffs note, the settlement specifically provides that "Defendants are not bound to serve any specific religious meal/menu ...." The issue in this case was whether the MDOC was providing a halal meal. The MDOC has not agreed to do so. How it provides such a halal meal (i.e., whether it provides for halal meat or not) was not a part of the settlement. In other words, while a prisoner has a right to a meal that meets religious restrictions, they do not necessarily have a right to a meal which provides meat.

Moreover, the controlling policy directive provides for two safeguards:  (1) all religious diets must satisfy the nutritional needs of the inmates, and (2) any inmate who believes the provided meal is not in accord with his or her religious dictates may petition the MDOC for an alternative meal.

3

Accordingly, to the extent the objections claim that inmates <u>must eat meat</u> as part of their religion, those inmates should petition the MDOC.

### B.  The Vegan Meal is Nutritionally Deficient and Other Health Concerns

Some class members say that the vegan meal does not meet nutritional requirements.  This objection is not well-founded.  The MDOC is obligated to satisfy regular inmate nutritional requirements, and the Court has continuing jurisdiction to enforce the settlement.  Thus, the settlement accommodates any concern regarding whether the meal meets nutritional requirements.  If a class member has health concerns with eating a vegan diet, that is an issue beyond the settlement.  The settlement says only that a <u>halal</u> meal be provided.  Moreover, as the MDOC notes, the new policy already provides for an alternative meal if the religious (vegan) meal does not meet an inmate's requirements.

### C.  Cross Contamination Issues

Some class members suggest that there may be cross contamination issues during the preparation and service of <u>halal</u> meals.  This objection is not well-taken.  The MDOC has committed to avoiding cross-contamination in the judgment:

> The parties and the Court understand the language contained in PD 05.03.150 pp ("The menu shall comply with Halal religious tenets .") to include not only the food items but also the manner of preparation and service.

All parties, including the Court, realize that this is a major policy and practical change for the MDOC across many facilities and institutions, requiring the training of many food workers.  The MDOC has recently contracted with Aramark to outsource its food service needs.  The MDOC has said that Aramark has its own <u>halal</u> certification process and procedures.  It is neither practical nor necessary to require certification.  If

certification becomes an issues, the Court can deal with it as part of its continuing jurisdiction to enforce the settlement.

### D.  Violations of Judgment as to <u>Eid</u> Feasts

At least two objections allege that the MDOC has violated the Court's Judgment by not providing for <u>Eid</u> feasts.  See Doc. 110.  The Court trusts that the MDOC will investigate and address any shortcomings in its compliance given the Court's continuing jurisdiction.  In any event, these objections do not prevent settlement of the rest of the case.  If the inmates are unsatisfied by the MDOC's response to their complaints regarding the <u>Eid</u> feats,, they may file a motion to enforce the judgment.

### E.  Affect of Prior Agreements with MDOC

One class member says that the proposed order would cause him to lose the benefit of a previously negotiated settlement with the MDOC.  <u>See</u> Doc. 90.  There is nothing in the proposed order to suggest that it modifies or effects any independent and separate settlement or order.  If a particular class member has a problem with a prior settlement in another case, they must pursue relief within the confines of that case, not this case.

### III.  Conclusion

For the reasons stated above, the objections are OVERRULED.

SO ORDERED.

        s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  November 20, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 20, 2013, by electronic and/or ordinary mail.

       s/Carol Bethel for Sakne Chami
Case Manager, (313) 234-5160