UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DOWDY-EL, et al.,,

        Plaintiffs,                  Case Number: 06-11765

v.                                            HON. AVERN COHN

PATRICIA L. CARUSO, et al.,

        Defendants.
_____/

**MEMORANDUM AND ORDER DENYING MOTIONS TO INTERVENE (Docs. 92, 124)**

**I.**

Plaintiffs are Muslim inmates housed by the Michigan Department of Corrections ("MDOC"). They challenge the defendant prison officials' alleged failure to accommodate their requests to observe three distinct Islamic religious practices:

    (1) attending Jum'ah prayer services;
    (2) receiving a halal diet; and
    (3) participating in the Eid ul-Fitr and Eid ul-Adha Feasts (the "Eid Feasts")

Plaintiffs challenge each alleged failure to accommodate under:

    (1) the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;
    (2) the Free Exercise Clause of the First Amendment of the United States Constitution,

    (3) the Michigan Constitution's counterparts to the United States Constitution's Equal Protection and Free Exercise Clauses, Article 1 §§ 2 and 4, respectively; and
    (4) the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc et seq, "RLUIPA").

Plaintiffs filed a motion for class certification (Doc. 56). The motion was referred to the magistrate judge who recommended it be granted. (Doc. 73). Neither party

objected.  The Court adopted the report and recommendation and certified the following class under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(2):

> With respect to the attendance at Jum'ah services, a class comprised of "all current and future Michigan Muslim inmates who desire but have been denied …the ability to participate in Jum'ah because of a conflicting work, school or similar detail.
>
> With respect to the provision of a halal diet, a class comprised of "all current and future Michigan Muslim inmates who desire but have been denied …a halal diet that is free of contamination by foods considered haram," i.e., non-halal meats and/or vegetarian foods that have been "contaminated" by coming into contact with such meats"

(Doc. 77).

The parties also filed cross motions for summary judgment (Docs. 55, 57), which the magistrate judge recommended be granted in part and denied in part (Doc. 70). The Court, over objections, adopted the report and recommendation.  (Doc. 80). As to the Eid feasts, the Court entered a judgment in favor of plaintiffs.  (Doc. 85).  That left the issue of attending prayers and providing a halal diet.

On September 17, 2013, the Court entered a Preliminary Order Approving Settlement (Doc. 88).  The order set forth the terms of the settlement which essentially said that the MDOC will provide a halal diet.  It also provided a procedure for the expungement of prisoner misconduct due to attending prayer services.  The halal diet that will be provided is a vegan meal by an outside vendor and is intended to comply with all religious dietary restrictions, including Kosher.  The order set a time for objections, responses to objections, and set a fairness hearing for November 18, 2013. Final approval of the settlement as well as a ruling on the objections is the subject of a separate order.

Before the Court are motions to intervene by state prisoners David Lindensmith, (Doc. 92), and Daniel Horacek (Doc. 124). For the reasons that follow, the motions are DENIED.

## II.

### A.

Lindensmith and Horacek,[1] both assert that they are Orthodox Jews and object to the new policy which results in the existing Kosher meals provided by the MDOC being converted into the new generic vegan religious meal. They both argue that the change to the vegan meal violates their constitutional rights. They seek to intervene to present objections to the settlement and pursue their constitutional claims. Plaintiffs oppose intervention.

### B.

Motions to intervene are governed by Fed. R. Civ. P. 24, which provides in relevant part:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
> (1) In General. On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or

---

[1] Neither Lindensmith nor Horacek are novice litigators. A search of the Court's electronic case filing system reveals that both Lindensmith and Horacek have filed prior prisoner civil rights cases in this district, two of which were before the undersigned. See Lindensmith v. Wallace, et al., case No. 12-14000, Horacek v. Wilson, 07-13822.

3

>(B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24 .

To intervene as of right, a movant must show:  (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court. Stupak-Thrall  v. Glickman, 226 F.3d 467, 471 (6th Cir. 2000); citing Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1245 (6th Cir. 1997).  The Court has discretion to allow intervention under Rule 24(b) if the motion is timely, and if the "applicant's claim or defense and the main action have a question of law or fact in common."  Bradley v. Milliken, 828 F.2d 1186, 1193-1194 (6th Cir. 1987); citing Fed. R. Civ. P. 24(b)(2).

Neither Lindensmith nor Horacek are entitled to intervene as of right or permissively.  They both mistakenly believe that this settlement was the cause of the change to their Kosher meals.  It was not.  Moreover, the settlement of this action does not affect their rights.  If they believe that they have a legitimate claim that the switch in Kosher meals is a violation of law, nothing in the settlement prevents them from pursing such a claim.

SO ORDERED.

    s/Avern Cohn  
UNITED STATES DISTRICT JUDGE

Dated:  November 20, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 20, 2013, by electronic and/or ordinary mail.

                                            s/Carol Bethel for Sakne Chami
                                            Case Manager, (313) 234-5160