UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DOWDY-EL, et al.,

        Plaintiffs,                      Case Number: 06-11765

v.                                               HON. AVERN COHN

PATRICIA L. CARUSO, et al.,

        Defendants.
_____/

## MEMORANDUM AND ORDER OVERRULING SUPPLEMENTAL OBJECTIONS TO SETTLEMENT (Docs. 131, 132, 133, 136, 137)

### I. Introduction

Plaintiffs are Muslim inmates housed by the Michigan Department of Corrections ("MDOC"). They brought suit challenging the defendant prison officials' alleged failure to accommodate their requests to observe three distinct Islamic religious practices:

    (1) attending Jum'ah prayer services;
    (2) receiving a halal diet; and
    (3) participating in the Eid ul-Fitr and Eid ul-Adha Feasts (the "Eid feasts")

The Court entered a judgment in favor of plaintiffs as to the Eid feasts. (Doc. 85). On September 17, 2013, the Court entered a Preliminary Order Approving Settlement (Doc. 88). The order set forth the terms of the settlement which essentially said that the MDOC will provide a halal diet. It also provided a procedure for the expungement of prisoner misconduct due to attending prayer services. The halal diet that will be provided is a vegan meal by an outside vendor and is intended to comply with all religious dietary restrictions, including Kosher. The order set a time for objections, responses to objections, and set a fairness hearing for November 18, 2013.

On November 20, 2013, the Court entered an order approving the settlement and dismissing the case. (Doc. 129). On that date, the Court also entered an order disposing of the approximate sixteen (16) separately filed objections to the settlement which were received prior to November 20, 2013. (Doc. 127). Now before the Court are additional objections which were apparently submitted prior to November 15, 2013 but not docketed by the Clerk's office until later. The Court construes these filings as "supplemental" objections. From what the Court has been able to discern, the supplemental objections were sent to the United States Attorneys' Office and later forwarded to the Court. Although the supplemental objections all bear a Clerk's office file stamp with the date November 15, 2013, they were not docketed until November 21 or 22, 2013. The Court became aware of the supplemental objections on November 22, 2013. This order disposes of the supplemental objections.

## II. Legal Standard

The law favors the voluntary settlement of class action litigation. <u>Steiner v. Fruehauf Corp.</u>, 121 F.R.D. 304, 305 (E.D. Mich. 1988). Therefore, the Court must not "decide the merits of the case or resolve unsettled legal questions," but, rather, must "judge the fairness of a proposed compromise" by "weighing the plaintiffs likelihood of success on the merits against the amount and form of the relief offered in the settlement." <u>International Union, United Automobile, Aerospace and Agricultural Implement Workers of America v. General Motors</u>, 497 F.3d 615,631 (6th Cir. 2007) (quoting <u>Carson v. Am. Brands, Inc.</u>, 450 U.S. 79, 88 n. 14, (1981). "[B]efore approving a settlement, a district court must conclude that it is 'fair, reasonable, and adequate.'" <u>Id</u>. at 631; see Fed. R. Civ. P. 23(e)(1)(C); Fed. R. Civ. P. 23(e)(1)(A). One of many

factors to consider is the reaction of absent class members. Id. "Objections based purely upon individual claims of loss do not warrant disapproval of the proposed settlement." E.E.O.C. v. McDonnell Douglas Corp., 894 F. Supp. 1329, 1335 (E.D. Mo. 1995) (citing E.E.O.C. v. Pennsylvania, 772 F. Supp. 217, 220 (M.D. Pa. 1991)). "In assessing the fairness of a settlement, the Court's role is not to make a de novo evaluation of whether the measures applied to all claimants provide each individual with a satisfactory recovery. Rather, the criteria or methodology employed by the litigants is sufficient if its terms, when applied to the entire group of individuals represented, appear reasonable." Id. With these principles in mind, the Court considers the objections.

### III. The Objections

The objections are described as follows:

| Docket Number | Title of paper | Filed by | Summary of objection |
|---|---|---|---|
| 131 | Motion for Reconsideration Class Action Settlement | Lamont Claydan Sumerlin | objects to non-meat diet |
| 132 | Plaintiffs Objection to Class Action Settlement regarding Religious Meals Menu | Karl K. Little | objects to non-meat diet, particularly having to eat soy |
| 133 | Motion for Objection to Defendant's Proposed Settlement Agreement | Redge Keith | objects to non-meat diet |

| 136 | Motion for Objection to Defendant's Proposed Settlement Agreement | Tommy Tolefree | objects to non-meat diet |
| 137 | Class Action - 2006 - Settlement | Samuel Lewis Surles(r) and Lystra J. Moore | objects to non-meat diet, wants halal certification from Aramark, and says prison believes it has discretion as to whether to allow prisoners to attend prayer services |

All of these objections were disposed of in the Court's prior order. As to a non-meat diet, the Court explained:

> The issue in this case was whether the MDOC was providing a halal meal. The MDOC has not agreed to do so. How it provides such a halal meal (i.e., whether it provides for halal meat or not) was not a part of the settlement. In other words, while a prisoner has a right to a meal that meets religious restrictions, they do not necessarily have a right to a meal which provides meat.
> Moreover, the controlling policy directive provides for two safeguards: (1) all religious diets must satisfy the nutritional needs of the inmates, and (2) any inmate who believes the provided meal is not in accord with his or her religious dictates may petition the MDOC for an alternative meal.
> Accordingly, to the extent the objections claim that inmates must eat meat as part of their religion, those inmates should petition the MDOC.

(Doc. 127 at p. 3-4).

Regarding certification, the Court explained that at this point it is neither practical nor necessary to require certification. If certification becomes an issue, the Court can deal with it as part of its continuing jurisdiction to enforce the settlement.

As to attending prayer services, the Court trusts that the MDOC will follow the

prison directive as it applies to permitting inmates to attend prayer services.

### III. Conclusion

For the reasons stated above, the supplemental objections are OVERRULED.

SO ORDERED.

                                          s/Avern Cohn  
                                          UNITED STATES DISTRICT JUDGE

Dated: November 26, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 26, 2013, by electronic and/or ordinary mail.

                                          s/Carol Bethel for Sakne Chami  
                                          Case Manager, (313) 234-5160