UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DOWDY-EL, et al.,

        Plaintiffs,                    Case Number: 06-11765

v.                                             HON. AVERN COHN

PATRICIA L. CARUSO, et al.,

        Defendants.
_____/

### ORDER DENYING "JUDICIAL NOTICE OF ADJUDICATIVE FACTS" CONSTRUED AS A MOTION TO ENFORCE THE SETTLEMENT AGREEMENT (Doc. 197)

I.

Plaintiffs, Muslim inmates housed by the Michigan Department of Corrections ("MDOC"), sued challenging the defendant prison officials' alleged failure to accommodate their requests to observe three distinct Islamic religious practices:

    (1) attending Jum'ah prayer services;
    (2) receiving a halal diet; and
    (3) participating in the Eid ul-Fitr and Eid ul-Adha Feasts (the "Eid feasts")

The Court approved a settlement agreement between the parties that, among other things, required the MDOC to provide a halal meal. (Doc. 129). The Court also entered a separate judgment that allows plaintiffs to participate in the Eid feasts. (Doc. 85). The order approving the settlement (Settlement Order), states that "[t]his Court shall retain jurisdiction over this matter for the purpose of enabling . . . any class member to apply to this Court for the enforcement of any provision or the punishment of any violation of this Order . . ." (Doc. 129). Thus, the Court retained jurisdiction to allow a class member to enforce any provision of the settlement agreement and allow for punishment

if the MDOC is violating any provision.

II.

Before the Court is a paper filed by Daw'ud Ayatollah Clark-X, apparently a class member, styled "Judicial Notice of Adjudicative Facts." (Doc 197). The Court liberally construes Clark's paper as a motion to enforce the settlement agreement. (Doc. 197). The MDOC has filed a response. (Doc. 198). For the reasons that follow, Clark's motion is DENIED.

III.

Regarding Clark's motion, the Settlement Order provides in relevant part:

2. Defendants shall provide a religious meal that comports with halal tenets and satisfies basic nutritional requirements applicable to all prisoners. Defendants have adopted PD 05.03.150 (eff. 7/26/13) and OP5.03.150A. (eff. 7/30/13) addressing the provision of religious meals to prisoners and setting forth provisions for the preparation and service of said meals in conformity with Islamic religious requirements. The parties and the Court understand the language contained in PD 05.03.150 ¶PP ("The … menu shall comply with … Halal religious tenets.") to include not only the food items but also the manner of preparation and service. Defendants are not bound to serve any specific religious meal/menu but will provide religious meals that comport with prisoners' religious tenets and nutritional needs.

The Settlement Order requires that the MDOC provide a religious meal that meets halal requirements. The MDOC does. The meal is intended to satisfy all religious dietary requirements, including kosher and halal. It is a vegan meal which contains soy. The Settlement Order does not require that any particular type of religious meal be provided.

As applied to Clark, on April 22, 2014, David Leach, the Special Activities Coordinator for the MDOC, denied his request for a religious meal. Clark filed a grievance over the denial and reapplied for a religious meal on March 15, 2015. As the

MDOC points out, MDOC PD 05.03.150 states that a prisoner may reapply for a religious meal one year after a denial.  So, Clark's request was slightly premature.  Be that as it may, the relief Clark seeks–ordering the MDOC to place him on the religious meal diet, to stop or modify the procedure used to determine eligibility for a religious meal as provided for in MDOC PD 05.03.150, and award damages for those denied a religious meal–is beyond the scope of the settlement agreement.  If Clark is dissatisfied with his individual situation, he may file a separate action after exhausting the grievance process.  Relief on an individual basis is not within the boundaries of the settlement agreement.

  SO ORDERED.

              S/Avern Cohn
             AVERN COHN
             UNITED STATES DISTRICT JUDGE

Dated:  April 21, 2015

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 21, 2015, by electronic and/or ordinary mail.

              S/Sakne Chami
             Case Manager, (313) 234-5160