UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DOWDY-EL, et al.,

        Plaintiffs,                    Case Number: 06-11765

v.                                            HON. AVERN COHN

PATRICIA L. CARUSO, et al.,

        Defendants.
_____/

**ORDER DENYING "CLASS MEMBER MOTION FOR ENFORCEMENT OF SPECIFIC ACT OF JUDGMENT THAT REQUIRES MDOC TO PERMIT MUSLIMS SPECIAL RELIGIOUS MEALS DURING EID-UL-FITR and EID–UL-ADHA FEASTS" (Doc. 204)**

I. Introduction

Plaintiffs, Muslim inmates housed by the Michigan Department of Corrections ("MDOC"), sued challenging the defendant prison officials' alleged failure to accommodate their requests to observe three distinct Islamic religious practices:

    (1) attending Jum'ah prayer services;
    (2) receiving a halal diet; and
    (3) participating in the Eid ul-Fitr and Eid ul-Adha Feasts (the "Eid feasts")

The Court approved a settlement agreement between the parties that, among other things, required the MDOC to provide a halal meal. (Doc. 129). The Court also entered a separate judgment that allows plaintiffs to participate in the Eid feasts. (Doc. 85).

Before the Court is a motion by Lamont Heard, a class member, styled "Class Member Motion for Enforcement of Specific Act of Judgment That Requires Mdoc to Permit Muslims Special Religious Meals During Eid-Ul-Fitr and Eid–Ul-Adha Feasts." Heard, apparently on behalf of the class, asks that Muslims be permitted to have multi-

course meals at the Eid feasts, including having prisoners bring in their own food items to the feasts. He says that this is necessary because Islamic organizations have been unable or unwilling to donate food for the Eid feasts. The MDOC has filed a detailed response (Doc. 207), in which it fully explains that the relief sought in the motion is inappropriate as it would require the MDOC to treat Muslim prisoners differently than other prisoners in violation of the 14th Amendment and is also contrary to current prisoner policy directives. For the reasons that follow, the motion will be denied.

## II. Background

Nearly a year ago, on July 17, 2014, Heard, on behalf of the class, filed a similar motion seeking enforcement of the judgment as to the Eid feasts, contending that the MDOC was not complying with the judgment and settlement agreement because it is refusing to allow all Muslims to participate in the Eid feasts but rather requires that a Muslim participate in Ramadan in order to be eligible to participate in the Eid feasts. Heard also contended that they were being disadvantaged in terms of being allowed to have food brought in for the feasts. (Doc. 168).

This Court conducted a telephone hearing on September 23, 2014, to address Heard's motion. Following the hearing, the MDOC submitted a letter to the Court and plaintiffs' counsel dated October 15, 2014 (Doc. 178). In the letter, the MDOC confirmed that prisoners do not have to participate in Ramadan to attend the Eid Feasts and that requests to participate in the Eid Feasts would be processed in the same manner as requests to participate in Ramadan. Second, the MDOC agreed to allow outside organizations to donate food for the Eid Feasts under the same terms that other religious groups donate food.

Following submission of the letter, on October 22, 2014, the Court issued an order denying Heard's motion as moot, stating that "[t]he Court is satisfied based on counsel's statements that the class members' concerns have been addressed." (Doc. 181).

Subsequently, on January 22, 2015, the MDOC revised Policy Directive (PD) 05.03.150 "Religious Beliefs and Practices of Michigan" to include the terms set forth in the October 15, 2014 letter. The specific changes are set forth in paragraphs UU through XX.

On June 4, 2015, Heard filed the instant motion purportedly on behalf of all of the class members (Doc. 204). As stated above, Heard argues that Muslims should be allowed to have multi-course meals at the Eid Feasts, including having prisoners bring their personal food items to the feast. He also says that because Islamic organizations do not trust the MDOC they therefore will not donate food for the Eid Feasts, that Muslims should be allowed to circumvent the requirements set forth in PD 05.03.150.

### III.  Discussion

The MDOC says that Heard's request for multi-course meals, including having prisoners bring their personal food items to the feast, because that would force the MDOC to violate the Fourteenth Amendment's Equal Protection Clause by requiring the MDOC to treat other religions differently from Muslims and because it is a threat to the custody and security of the institution. The Court agrees.  As fully explained the MDOC's response, the MDOC cannot treat Muslim prisoners differently from other prisoners. Heard is now asking the Court to carve out an exception to allow Muslim prisoners to engage in behavior that is not allowed for prisoners of any other religion.

Moreover, contrary to Heard's contention, no religious group is allowed to have a multi-course feast such as Heard is suggesting. As stated in PD 05.30.150, Paragraph V, "[f]ood for religious observances is meant to be symbolic and not a regular meal or multi-course feeding." Additionally, no religious group is permitted to bring personal food items to their celebrations. See the affidavit of David Leach, Special Activities Coordinator for the MDOC (Exhibit B to Doc. 207).

     Heard in particular discusses what he says is favorable treatment for Jewish prisoners. He says that Jewish prisoners are allowed a multi-course Passover meal paid for by the MDOC. This is incorrect. Although the MDOC pays for all prisoner religious meals (standard vegan), including meals required for Jewish prisoners observing Passover, these meals are specialized vegan meals that meet Passover dietary requirements, and are provided instead of the standard vegan religious meals. The MDOC also pays for meals required for Muslim prisoners to observe the Ramadan fast. The MDOC serves these meals before dawn and after sunset to meet religious dietary requirements during Ramadan. In addition, although Seder ceremonies are held at various MDOC institutions, the MDOC only allows ceremonial matzo and grape juice to be consumed as part of the Seder ceremony. Any other ceremonial food items are not for consumption. Ceremonial food items, including matzo and grape juice, may be donated by outside religious groups as set forth in PD 05.03.150. Significantly, prisoners are not allowed to bring any personal food items to the Seder.

     Permitting Heard's requests for multi-course meals at the Eid Feasts at MDOC expense and that Muslim prisoners be allowed to bring their personal food items to the Eid Feasts would undermine the MDOC's efforts to treat all religions equally under the

Fourteenth Amendment. As such, the requests must be denied.

Moreover, Heard's request that Muslim prisoners be allowed to bring multi-course personal food items to the feast for consumption also poses a threat to the custody and security of the institution. As the MDOC explains in part:

> A prisoner who cannot afford to purchase personal food items may seek food items from another prisoner and become indebted to the other prisoner. A prisoner also could be threatened with assault or other physical violence or otherwise coerced or pressured into bringing personal food items to the feast even though they do not want to. This would, in essence, be a "food donation charge" to participate in the feast. The prisoner could be required to give the food items to other prisoners who are perceived as being in a position of power or influence within the prisoner population. Also, a prisoner could willingly bring a food item to share with another prisoner in which has been inserted a razor blade or a poisonous, caustic, or other substance that could cause harmful effects if consumed, including death.

(Doc. 207 at p. 7).

Finally, Heard says that members of the Nation of Islam, in particular, and Muslims in general, in the free world do not trust the MDOC and are therefore unwilling or unable to donate food. Heard suggests that the MDOC should have to seek out Muslim groups that would be willing to donate food for the Eid Feasts. The MDOC, however, cannot be required to treat the Muslim religion different from other religions.

IV. Conclusion

Overall, Heard is not entitled to the relief he seeks. Also, as the Court has said in multiple prior orders disposing of motions brought by individual class members, relief is not available under the settlement agreement or judgment on an individualized basis based on what a class member says is affecting the entire class. Heard, and others, should be mindful of this before seeking any relief from the Court.

5

The motion is DENIED.

SO ORDERED.

                                              S/Avern Cohn
                                              AVERN COHN
                                              UNITED STATES DISTRICT JUDGE

Dated: July 2, 2015
      Detroit, Michigan