UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DOWDY-EL, et al.,

        Plaintiffs,                  Case Number: 06-11765

v.                                        HON. AVERN COHN

PATRICIA L. CARUSO, et al.,

        Defendants.
_____/

**MEMORANDUM AND ORDER DENYING MOTION FOR RECONSIDERATION BY CLASS MEMBER LAMONT HEARD (Doc. 209)**

I.

Plaintiffs, Muslim inmates housed by the Michigan Department of Corrections ("MDOC"), sued challenging the defendant prison officials' alleged failure to accommodate their requests to observe three distinct Islamic religious practices:

    (1) attending Jum'ah prayer services;
    (2) receiving a halal diet; and
    (3) participating in the Eid ul-Fitr and Eid ul-Adha Feasts (the "Eid feasts")

The Court approved a settlement agreement between the parties that, among other things, required the MDOC to provide a halal meal. (Doc. 129). The Court also entered a separate judgment that allows plaintiffs to participate in the Eid feasts. (Doc. 85).

Thereafter, Lamont Heard, a class member, filed a motion styled "Class Member Motion for Enforcement of Specific Act of Judgment That Requires MDOC to Permit Muslims Special Religious Meals During Eid-Ul-Fitr and Eid–Ul-Adha Feasts." (Doc 204). Heard, apparently on behalf of the class, asked that Muslims be permitted to have multi-course meals at the Eid feasts, including having prisoners bring in their own

food items to the feasts. He also said that this is necessary because Islamic organizations have been unable or unwilling to donate food for the Eid feasts. The MDOC filed a detailed response (Doc. 207), in which it fully explained that the relief sought in the motion is inappropriate as it would require the MDOC to treat Muslim prisoners differently than other prisoners in violation of the 14th Amendment and is also contrary to current prisoner policy directives. The MDOC also submitted an affidavit from the Special Activities Coordinator for the MDOC, David Leach. Leach's affidavit indicated in paragraph nine that prisoners are not permitted to bring food items to religious observances, per MDOC Policy Directive (PD) 05.03.150, paragraph VV.

The Court denied Heard's motion. (Doc. 208). Before the Court is Heard's motion for reconsideration or clarification of the Court's order. (Doc. 209). As will be explained, Heard has not shown that the Court erred in denying his motion. See E.D. Mich. LR 7.1(h)(3). For the reasons that follow, the motion is DENIED.

III.

In his motion, Heard submitted affidavits from five prisoners from various religions at the Chippewa Correctional Facility (URF) indicating that the prison administration permitted them to bring food purchased from the prison store to religious observances. The MDOC filed a response. (Doc. 212).

The MDOC first explains that Heard's request for multi-course meals, including having prisoners bring their personal food items to the feast, cannot be honored because that would force the MDOC to violate the Fourteenth Amendment's Equal Protection Clause by requiring the MDOC to treat other religions differently from Muslims and because it is a threat to the custody and security of the institution. The

Court agreed and this was a ground for denying Heard's initial motion.

Second, upon reviewing Heard's motion, counsel for the MDOC requested that Leach to look into the allegations made in the affidavits attached to Heard's motion. Leach discovered that the administration at URF, unbeknownst to him and in violation of MDOC PD 05.03.150, paragraph VV, allowed religious groups to bring food purchased at the prison store to religious celebrations (See Exhibit A to the MDOC's response). Now that Leach is aware of the policy violation, the MDOC says it "will take corrective action to ensure that no religious groups are permitted to bring food purchased at the prison store to religious celebrations at URF." The MDOC also says that "Leach will ... issue a reminder to chaplains Department wide that food purchased at the prison store is not permitted at religious celebrations."

Therefore, while Heard is correct that religious groups at URF were permitted to bring food purchased at the prison store to religious celebrations that will cease and URF will comply with PD 05.03.150. While PD 05.03.150, paragraph VV was not implemented properly at URF, the justification for it still remains.

Heard also asks the Court to clarify whether the Eid Feasts should be incorporated into the religious meal policy. Under MDOC policy, the Eid Feasts are not subject to the religious meals policy (paragraphs NN-XX of PD05.03.150) because the Eid Feasts occur twice a year where prisoners gather together to celebrate. **The only food allowed at the Eid Feasts would be food donated from outside sources.** Prisoners receive their regular meals those two days so MDOC does not provide a special meal to celebrate the Eid Feasts.

The Court is satisfied that the MDOC is complying with the terms of the settlement agreement.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 20, 2015
      Detroit, Michigan