UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DOWDY-EL, et al.,

        Plaintiffs,                   Case Number: 06-11765

v.                                          HON. AVERN COHN

PATRICIA L. CARUSO, et al.,

        Defendants.

_____/

## ORDER DENYING DAW'UD CLARK'S MOTION TO ENFORCE SETTLEMENT AGREEMENT (Doc. 216)

### I. Introduction

Plaintiffs, Muslim inmates housed by the Michigan Department of Corrections ("MDOC"), sued challenging the defendant prison officials' alleged failure to accommodate their requests to observe three distinct Islamic religious practices:

    (1) attending Jum'ah prayer services;
    (2) receiving a halal diet; and
    (3) participating in the Eid ul-Fitr and Eid ul-Adha Feasts (the "Eid feasts")

The Court approved a settlement agreement between the parties that, among other things, required the MDOC to provide a halal meal. (Doc. 129). The Court also entered a separate judgment that allows plaintiffs to participate in the Eid feasts. (Doc. 85). The order approving the settlement (Settlement Order), states that "[t]his Court shall retain jurisdiction over this matter for the purpose of enabling . . . any class member to apply to this Court for the enforcement of any provision or the punishment of any violation of

this Order . . ." (Doc. 129).  Thus, the Court retained jurisdiction to allow a class member to enforce any provision of the settlement agreement and allow for punishment if the MDOC is violating any provision.

Before the Court is Daw'ud Clark's, an apparent class member, Motion to Enforce Settlement.  (Doc. 216).  Clark seeks a Court order on behalf of himself and others directing the MDOC to allow them to participate in the Eid ul-Adha Feast on September 23, 2015 "without nay restrictions" and direct MDOC to revise its policy regarding the Eid feasts.  For the reasons that follow, the motion is DENIED.

## II.  Background

Following entry of the settlement agreement, the Court has received a multitude of motions from prisoners complaining about various related and unrelated aspects of the settlement.  Relevant to the instant motion, on July 17, 2014, Lamont Heard (Heard) filed a Motion for Enforcement of Specific Part of Judgment that Requires the MDOC to Allow All Muslims to Participate in Eid Feasts (Doc. 168).  The Court conducted a telephone hearing on September 23, 2014, to address Heard's motion.  Following the hearing, the MDOC submitted a letter to the Court and Plaintiffs' counsel on October 15, 2014 (Doc. 178).  First, the MDOC confirmed that prisoners do not have to participate in Ramadan to attend the Eid Feasts and that requests to participate in the Eid Feasts would be processed in the same manner as requests to participate in Ramadan.  Second, the MDOC agreed to allow outside organizations to donate food for the Eid Feasts under the same terms that other religious groups donate food.

On January 22, 2015, the MDOC revised Policy Directive (PD) 05.03.150 "Religious Beliefs and Practices of Michigan" to include the terms set forth in the

October 15, 2014 letter.  The specific changes are set forth in paragraphs UU through XX. The PD provides in paragraph VV that, "Food for religious observances is meant to be symbolic and not a regular meal or multi-course feeding."  The MDOC revised PD 05.03.150 again on September 15, 2015.  However, the MDOC did not revise paragraphs UU through XX.

On September 7, 2015, Clark filed the instant motion (Doc. 216).  Clark argues that Muslims should be allowed to have a full meals at the Eid-ul-Adha Feast that occurred on September 23, 2015, as opposed to be allowed only a symbolic recognition of the feast.  The MDOC filed a response.  (Doc. 220).

### III.  Discussion

The MDOC says that the motion should be denied as moot.  Clark asks this Court to issue an Order allowing for Muslim prisoners at the Ionia Correctional Facility to receive a meal from the Muslim Center in Detroit to celebrate the Eid-ul-Adha on September 23, 2015.  This date has passed.

A case is moot when it no longer presents a live controversy or the parties no longer have a legally cognizable interest in the outcome.  Los Angeles County v. Davis, 440 U.S. 625, 631 (1979).  Because the Eid-ul-Adha occurred on September 23, 2015, the Court cannot grant any relief to Clark or others for the Eid-ul-Adha in 2015.  To this extent, the motion is MOOT.

Moreover, as to the merits of Clark's request, he seeks relief that is beyond the scope of the settlement agreement.  Neither the settlement agreement, the Settlement Order, or the MDOC's October 15, 2014, letter require the MDOC to provide a particular prisoner with a specific diet at the Eid Feasts.  The relief that Clark seeks is simply

3

beyond the scope of the settlement. The MDOC agreed to make major policy changes to provide, among other things, prisoners of all religions with a diet that would meet their needs. The MDOC has done that. The settlement did not attempt to eradicate every conceivable issue a prisoner might come up with related to religious meals. As the Court has said in prior orders directed at other Muslim prisoners, if Clark is dissatisfied with his individual situation then he should exhaust the grievance process and file a lawsuit. Relief on an individualized basis is not within the confines of this case.

    SO ORDERED.

                                                          S/Avern Cohn
                                                          AVERN COHN
                                                          UNITED STATES DISTRICT JUDGE

Dated: October 2, 2015
       Detroit, Michigan