UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ERIC DOWDY-EL,
(FATHIREE ALI), et al.,

              Plaintiffs,

v.

PATRICIA L. CARUSO, et al.,

              Defendants.
_____/

Case Number: 06-11765

HON. AVERN COHN


## ORDER DENYING FATHIREE ALI'S MOTION TO ENFORCE SETTLEMENT AGREEMENT (Doc. 238)

I.

Plaintiffs, Muslim inmates housed by the Michigan Department of Corrections ("MDOC"), sued challenging the defendant prison officials' alleged failure to accommodate their requests to observe three distinct Islamic religious practices:

    (1) attending Jum'ah prayer services;
    (2) receiving a halal diet; and
    (3) participating in the Eid ul-Fitr and Eid ul-Adha Feasts (the "Eid feasts")

The Court approved a settlement agreement between the parties that, among other things, required the MDOC to provide a halal meal. (Doc. 129). The Court also entered a separate judgment that allows plaintiffs to participate in the Eid feasts. (Doc. 85). The order approving the settlement (Settlement Order), states that "[t]his Court shall retain jurisdiction over this matter for the purpose of enabling . . . any class member to apply to this Court for the enforcement of any provision or the punishment of any violation of

this Order . . ." (Doc. 129). Thus, the Court retained jurisdiction to allow a class member to enforce any provision of the settlement agreement and allow for punishment if the MDOC is violating any provision.

Before the Court is Fathiree Ali's, an apparent class member, Motion to Enforce Settlement. (Doc. 238). Ali asks the Court to (1) hold the MDOC in contempt for denying his request for a halal meal, (2) order the MDOC to provide him with a halal meal, and (3) award him damages. For the reasons that follow, the motion is DENIED.

II.

Regarding Ali's motion, the Settlement Order provides in relevant part:

> 2. Defendants shall provide a religious meal that comports with halal tenets and satisfies basic nutritional requirements applicable to all prisoners. Defendants have adopted PD 05.03.150 (eff. 7/26/13) and OP5.03.150A. (eff. 7/30/13) addressing the provision of religious meals to prisoners and setting forth provisions for the preparation and service of said meals in conformity with Islamic religious requirements. The parties and the Court understand the language contained in PD 05.03.150 ¶PP ("The … menu shall comply with … Halal religious tenets.") to include not only the food items but also the manner of preparation and service. Defendants are not bound to serve any specific religious meal/menu but will provide religious meals that comport with prisoners' religious tenets and nutritional needs.

The Settlement Order requires that the MDOC provide a halal meal. The MDOC does. It is a vegan meal. The Settlement Order does not require that an inmate seeking to be given a halal meal must be provided with such a meal. Rather, the MDOC has a procedure for approving such requests. Apparently Ali followed that procedure but his request was denied.

As noted in the MDOC's response (Doc. 242), Ali seeks relief that is beyond the scope of the Settlement Order. If Ali believes he is entitled to a halal meal, he should first exhaust the grievance process and then file his own lawsuit. Relief on an

2

individualized basis is not within the confines of the settlement in this case.

SO ORDERED.

                                          S/Avern Cohn
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE

Dated: 2/22/2018
      Detroit, Michigan