UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DOWDY, et al.,

    Plaintiffs,                                            Case Number 06-11765
v.                                                        Honorable David M. Lawson

PATRICIA CARUSO, et al.,

    Defendants.
_____/

## ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT

In 2006, the plaintiffs, Muslim inmates housed by the Michigan Department of Corrections sued the defendants claiming that they were unlawfully being denied their requests to observe three distinct Islamic religious practices: (1) attending Jum'ah prayer services; (2) receiving halal meals; and (3) participating in the Eid ul-Fitr and Eid ul-Adha Feasts. In 2013, the Court approved a settlement agreement which in part provides for the provision of halal meals. Before the Court is a motion for enforcement of the settlement agreement by purported class member Walter Jennings as it relates to halal meals. Jennings asks the Court to order the MDOC to provide him with a halal meal. He also asks that Steven Adamson, the Special Activities Coordinator, be held in contempt for denying his request for a halal meal.

The order approving the settlement and dismissing the case (Settlement Order), states that "[t]his Court shall retain jurisdiction over this matter for the purpose of enabling . . . any class member to apply to this Court for the enforcement of any provision or the punishment of any violation this Order . . ." (ECF No. 129, PageID.3560). Thus, the Court retained jurisdiction to permit a class member to enforce any provision of the Settlement Order. As it relates to halal meals, the Settlement Order provides:

> Defendants shall provide a religious meal that comports with halal tenets and satisfies basic nutritional requirements applicable to all prisoners. Defendants have adopted PD 05.03.150 (eff. 7/26/13) and OP5.03.150A. (eff.7/30/13) addressing the provision of religious meals to prisoners and setting forth provisions for the preparation and service of said meals in conformity with Islamic religious requirements. The parties and the Court understand the language contained in PD 05.03.150 ¶PP ("The ... menu shall comply with ... Halal religious tenets.") to include not only the food items but also the manner of preparation and service. Defendants are not bound to serve any specific religious meal/menu but will provide religious meals that comport with prisoners' religious tenets and nutritional needs.

(ECF. No. 129, PageID.3558-3559).

The Settlement Order requires that the MDOC provide a halal meal. The Settlement Order does not require that any and all inmates seeking to be given a halal meal must be provided with such a meal. Rather, the MDOC has a procedure for approving such requests. Apparently, Jennings followed that procedure but was denied his request for a halal meal. The MDOC is correct that the relief he seeks is beyond the scope of the Settlement Order. If Jennings believes he is entitled to a halal meal, he should first exhaust the grievance process and then file his own lawsuit challenging the denial of a halal meal.

Accordingly, it is **ORDERED** that Jennings' motion to enforce the settlement agreement (ECF No. 258) is **DENIED**.

s/David M. Lawson
DAVID. M. LAWSON
United States District Judge

Dated: May 29, 2020